**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 27, 2018.**



_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-52453 |
| Alice P. Quintanilla AND | § | CHAPTER 13 |
| Joe V. Quintanilla | § | |
| Debtors, | § | |
| | § | |
| U.S. BANK TRUST NATIONAL | § | |
| ASSOCIATION, AS TRUSTEE OF | § | |
| BUNGALOW SERIES F TRUST | § | |
| Movant, | § | |
| | § | |
| Alice P. Quintanilla AND | § | |
| Joe V. Quintanilla | § | |
| Respondents. | § | |

### AGREED ORDER MODIFYING AUTOMATIC STAY AS TO 1043 SCHLEY, SAN ANTONIO, TEXAS 78210
(This Order Resolves Docket #41)

_____

**AGREED ORDER MODIFYING AUTOMATIC STAY**                                **PAGE 1**

U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST, its successors and assigns, ("Movant") and Alice P. Quintanilla and Joe V. Quintanilla ("Debtor") have reached an agreement with regard to lifting stay. The Court finds that the Chapter 13 Trustee has agreed to this Order, and the Court having considered the Motion to Lift Stay filed by Movant, any and all responses thereto, and the agreement of counsel, is of the opinion that the following Agreed Order Modifying Automatic Stay should be entered.

It is therefore, **ORDERED** that:

1. The automatic stay provided by 11 U.S.C. Section 362 shall remain in effect unless terminated as hereinafter provided as to the real property and improvements located at 1043 Schley, San Antonio, TX 78210 ("Property").

2. Debtor shall remain current on all other monthly mortgage payments due under the Note, dated July 15, 1994, beginning with the current monthly mortgage payment of $618.67 due August 1, 2018, and shall continue to pay the current monthly mortgage payment on the 1st day of each month thereafter, including the contractual grace period for such payments. In the event that the monthly mortgage payment amount required under the terms of the Note should change in the future, Movant, its successors or assigns, shall notify Debtor of the change, as required by applicable bankruptcy and non-bankruptcy law. Debtor should send all payment to the following address:

BSI FINANCIAL SERVICES
P.O. Box 679002
Dallas, Texas 75267-9002
Last four Digits of Acct# 0761

or at such other address provided by Movant, its successors or assigns, in writing as required by the terms of the Note and bankruptcy and non-bankruptcy law. Failure to timely remit the ongoing mortgage payments as set forth herein shall constitute a default under the terms of this Order.

3. The post-petition arrears are as follows:

November 1, 2016 to February 1, 2017 @ $611.95 x 4 months = $2,447.80, March 1, 2017 to May 1, 2017 @ $633.87 x 3 months = $1,901.61, June 1, 2017 to July 1, 2018 @ $618.67 x 14 months = $8,661.38, Unpaid fees in the amount of $465.00, with ($3.59) in a suspense account, plus legal fees of $850.00 and $181.00 for filing this subject motion to lift stay for a Total Arrearage of $14,503.20 ("Total Arrearage").

4. Debtor shall file a motion to amend the Chapter 13 Plan to include the amount of $14,503.20 as a secured claim owed to Movant, its successors and assigns, plus interest as allowed by applicable law. Within thirty (30) days from the date the Agreed Order is entered, Debtor shall file a Chapter 13 Plan amendment or modification, to provide for the total post-petition arrearage amount of $14,503.20 to be paid over the remaining months of the Debtor Chapter 13 Plan as a secured claim. Movant's Total Arrearage is hereby allowed, in full, as a secured claim. If the motion to amend the plan is denied, it shall constitute a default under the terms of this order. If the amended or modified Chapter 13 Plan is not filed within thirty (30) days following the date this Agreed Ordered is entered or is denied, the Automatic Stay is terminated as to the Property without further notice or action by this Court. Should the Debtor fail to obtain an Order confirming or modifying the revised chapter 13 Plan within Ninety (90) days of this Order is entered by the Court to include the payment of the total arrearage of $14,503.20, the Automatic Stay is terminated as to the Property without further notice or action by this Court. The Trustee reserves the right to object to a modification of the Plan. The Chapter

13 Trustee reserves the right to file an objection to any motion to amend the Chapter 13 Plan filed by Debtor.

5. Debtor shall make all Trustee payments promptly when due, according to the provisions of Debtor's Chapter 13 Plan, as amended or modified, including adequate protection payments. It is further ordered that Debtor shall keep the Property insured against all loss by fire, windstorm, vandalism or other hazard in at least an amount sufficient to pay Movant the total amount of its claim, and that proof of such insurance shall at all times be furnished to Movant, without demand or other requirement.

6. Except for the defaults of filing and obtaining the amended or modified plan as required by Paragraph 4 of this Agreed Order where the Automatic Stay is terminated without further action of Movant, its successors and assigns, or notice by the Court, should Debtor default on any other terms of this order, Movant, its successors or assigns, shall mail notice of the default to Debtor and Debtor's attorney by U.S. First Class mail, postage prepaid. Should Debtor not cure the default within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. Section 362 shall and is hereby ordered terminated and lifted with respect to the Property and Movant's collateral. Debtor's right to default and cure with the prescribed ten (10) day period is limited to two (2) such events, and nothing contained herein shall entitle Debtor to cure a third or subsequent default as to the terms of this Agreed Order.

In the event of termination of the automatic stay Movant, or its successor in interest, shall be authorized to enforce its lien rights and pursue its statutory and contractual remedies under non-bankruptcy law to foreclose and gain possession of property and improvements located at 1043 Schley, San Antonio, TX 78210, which is more specifically described as follows:

LOT 22, BLOCK 92, NEW CITY BLOCK 3360, AN ADDITION TO THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS

The fourteen day (14) provision of Rule 4001(a)(3) is waived and Movant, its successors or assigns, may immediately enforce and implement this Order.

In the event the Automatic Stay is terminated under the provisions of this Order, at its option, Movant, it successors and assigns, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout loss mitigation agreement including a deed in lieu or short sale as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. It is further ordered that upon termination of the automatic stay under the provisions of this Order, the Movant, its successors and assigns, shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses, or Charges.

6. Movant shall immediately notify the Debtor, the Debtor's Attorney and the office of the Standing Chapter 13 Trustee in writing of the termination of the stay. Once Trustee receives such notice of termination of automatic stay, no further disbursements will be made on Movant's claim.

7. Any check tendered to Movant, its successors or assigns, by Debtor for any payment hereunder which is returned by Debtor's bank for any reason shall not be deemed a timely payment under this Agreed Order.

8. In the event that this case is dismissed, for any reason whatsoever, prior to the completion of the payments set out herein, the terms of this Agreed Order shall no longer apply. In the event that this case is converted to a proceeding under Chapter 7 or 11 of the U.S. Bankruptcy Code or the Property is surrendered, then all arrearages due under the Note shall be

deemed due upon such conversion. Should Debtor fail to timely cure said arrearage, Movant, its successors or assigns, may abandon the terms this Agreed Order, and the 11 U.S.C. Section 362(a) stay shall terminate without further notice or order of the Court if the Property has been designated as exempt, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property. It is further ORDERED that in the event that an Order of Discharge is entered in this bankruptcy case, the terms of this Order will no longer be binding on Movant, its successors and assigns, as of the date the Order of Discharge is entered.

IT IS FURTHER ORDERED, that all funds forthcoming from the foreclosure sale shall be distributed in accordance with the terms of the Deed of Trust and non-bankruptcy law, all funds forthcoming from the foreclosure sale shall be distributed in accordance with the terms of the Deed of Trust, and to the extent there are any excess proceeds to which the Debtor is entitled under the Deed of Trust, such funds shall be turned over to the Chapter 13 Trustee with a reservation of the issue as to whether Debtor is entitled to such funds.

Movant's Attorney's signature on this agreed order constitutes a representation to the Court that Movant has complied with Local Rules 1 & 4001.

### END OF ORDER ###

**AGREED:**

/S/Richard E. Anderson
Richard E. Anderson
State Bar No. 01209010
4920 Westport Drive
The Colony, Texas 75056

/S/ Magdalena Gonzales
Magdalena Gonzales
2939 Mossrock, Suite 130
San Antonio, TX 78230
**ATTORNEY FOR DEBTORS**

/S/Mary K. Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
**CHAPTER 13 TRUSTEE**

Marshall L. Armstrong
TXSB24027037
Staff Attorney